■ In the Matter of GEORGE F. BOETTCHER, JR., et al., Appellants. AMERICAN BROADCASTING CO., INC., Respondent; PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 1979 which reversed decisions of Administrative Law Judges overruling initial determinations

of the Industrial Commissioner holding claimants ineligible to receive benefits because they did not have sufficient weeks of covered New York employment. Claimants worked as television engineers for the American Broadcasting Co., Inc., and were routinely assigned to cover events at various locations throughout the country, including New York and New Jersey. Their applications for unemployment insurance benefits were denied on the ground they had insufficient weeks of covered "employment" as that term is defined by section 511 of the Labor Law. The board, reversing decisions of the Administrative Law Judges, concluded that since claimants' base of operations was in the State of New Jersey, their services did not constitute New York employment. This appeal ensued. The board properly resorted to section 511 (subd 3, par [b]) of the Labor Law to determine claimants' unemployemnt insurance status. It was obvious that their services were not "localized" in any particular State and that their base of operations, if any, was not in New York (Labor Law, § 511, subds 2, 3, par [a]). Accordingly, the board was required to consider whether they had a base of operation in any State in which some part of their employment was performed or, if not, whether such services were directed or controlled from a place in New York. The hearing disclosed that both claimants resided in New Jersey and reported to the employer's facility at Lodi, New Jersey, when not actively pursuing a designated field assignment. They were reimbursed for expenses based on travel from that location; usually stored work equipment at that site; and received paychecks at that office when their salaries did not reach them by other means. Although claimants occasionally went to corporate headquarters in New York City where payrolls were formulated and ultimate decisions regarding their assignments were made, their connections with the Lodi office provided substantial evidentiary support for the board's finding of a single base of operations in the State of New Jersey. Unlike the situation presented in *Matter of Mallia (Corsi)* (299 NY 232), the board did evaluate claimants' entire services. Moreover, even if it erred in deciding there was but one such base of operations, the result would remain unchanged for it did not appear that there was a single source of direction and control over those services (see Labor Law, § 511, subd 3, par [c]; *Matter of Mallia [Corsi], supra,* p 241). Decision affirmed, without costs. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.